Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
**SML AVVOCATI P.C.**
4640 Cass Street #90142
San Diego, CA 92019
Tel:   949.636.1391

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAOTICA IP CORP.**, | Case No. 3:21-cv-00433-CAB-DEB |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND COUNTERCLAIMS** |
| **ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE**, | |
| Defendants. | Honorable Cathy Ann Bencivengo |

Defendants Iconic Mars Corporation ("IMC") and Oluseyi James Olaleye respond as follows to the allegations of the Complaint:

1. Admitted.

### The Parties

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

3. Admitted.

4. Admitted.

5. Denied.

### Jurisdiction and Venue

6. Admitted.

7. Personal jurisdiction is admitted, otherwise denied.

8. Admitted.

## Background

9. The recited numbers and dates and title from Exhibit 1 are admitted to be on Exhibit 1, otherwise denied.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

12. The recited numbers and dates and title from Exhibit 2 are admitted to be on Exhibit 2, otherwise denied.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

15. Admitted that Exhibit 4 is a copy of United States Copyright Registration No. TX 8-937-518, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

## Count I

20. Paragraph 20 contains no allegations of fact requiring a response.
21. Denied.
22. Denied.
23. Denied.
24. Denied.
25. Denied.
26. Denied.

## Count II

27. Paragraph 27 contains no allegations of fact requiring a response.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.

## Count III

34. Paragraph 34 contains no allegations of fact requiring a response.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.

## Count IV

41. Paragraph 41 contains no allegations of fact requiring a response.
42. Paragraph 42 contains no allegations of fact requiring a response.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny them.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. Neither Defendant has infringed, either directly or indirectly, any valid and enforceable claim of the '662 patent.

3. Neither Defendant has infringed, either directly or indirectly, any valid and enforceable claim of the '690 patent.

4. Plaintiff is estopped from asserting infringement including because of prosecution history estoppel and positions taken and arguments made to the Patent Office.

5. Each asserted claim of the '662 patent and the '690 patent is invalid, in whole or in part, for failing to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and 112, as well as any judicial doctrine of invalidity.

6. Plaintiff's allegations are barred by the equitable doctrines of laches, equitable estoppel, waiver, acquiescence and/or unclean hands.

7. Plaintiff's request for monetary relief is barred or limited pursuant to the requirements of 35 U.S.C. §§ 284-288, and by a lack of causation of any damages by any action of either Defendant.

8. Neither Defendant has copied United States Copyright Registration No. TX 8-937-518.

9. The packaging text for the Comet Microphone Isolation Booth was independently created.

10. Plaintiff's request for monetary relief is barred or limited pursuant to the requirements of 17 U.S.C. § 412, and by a lack of causation of any damages by any actions of either Defendant.

11. Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## Counterclaims

For its Counterclaims, Defendant IMC alleges as follows:

## Jurisdiction and Venue

1. Defendant IMC is a California corporation with a principal place of business in San Diego, California.

2. On information and belief, Counterdefendant Kaotica IP Corp. ("Kaotica") is a Canadian company with a principal place of business in Calgary, Alberta.

3. Subject to Defendants' denials and affirmative defenses hereinabove, this Court has subject matter jurisdiction over these Counterclaims including under 28 U.S.C. §§ 1331, 1338, and 1367.

4. Personal jurisdiction and venue are proper in this District because of Kaotica's choice of forum.

**Declaratory Judgment of Patent Non-Infringement**

5. Defendant IMC realleges and incorporates herein by reference the allegations of the preceding paragraphs of the counterclaims.

6. The Comet Microphone Isolation Booth does not infringe the '662 patent.

7. The design of the Comet Microphone Isolation Booth is not substantially similar to the design claimed in the '690 patent.

8. An ordinary observer, taking into account the prior art, would not believe that the Comet Microphone Isolation Booth is the same design shown in the '690 patent, as the flat thick edges of the larger opening of the Comet differ from the thin spherical lip of the opening in figure 7 of the design. The sharp edge on the bottom of the Comet also differs from the protected spherical design.

**Declaratory Judgment of Patent Invalidity**

9. Defendant IMC realleges and incorporates herein by reference the allegations of the preceding paragraphs of the counterclaims.

10. On information and belief, each of the '662 patent and the '690 patent is invalid, in whole or in part, for failing to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and 112, as well as any judicial doctrine of invalidity.

11. One or more claims of the patents is anticipated under 35 U.S.C. § 102(a) because the "invention" was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent.

12. One or more claims of the patents is anticipated under 35 U.S.C. § 102(b) because the "invention" was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

13. One or more claims of the patents would have been obvious under 35 U.S.C. § 103 because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the "invention" was made to a person having ordinary skill in the art to which said subject matter pertains.

14. One or more claims of the patents is invalid for failing to satisfy the requirements of 35 U.S.C. § 112 because the patents do not contain a written description of the "invention," nor do they explain the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged "invention."

**Declaratory Judgment of Copyright Non-Infringement**

15. Defendant IMC realleges and incorporates herein by reference the allegations of the preceding paragraphs of the counterclaims.

16. The Kaotica Box Text is a factual description of the Kaotica product so consumers may learn about the features of the product, rather than a creative work, limiting the scope of its protection.

17. There is no substantial similarity between the Kaotica Box Text and the Comet Microphone Isolation Booth packaging beyond the similar features of the product (for example, the lack of hardware, ease of setup, light weight, foam construction and portability).

18. The Comet Microphone Isolation Booth packaging was independently created by an independent contractor hired by Defendant IMC.

19. The Comet Microphone Isolation Booth packaging was created and sold prior to February 24, 2021. Attached hereto as Exhibit A is a true and correct copy of a video review and unboxing showing the Comet Microphone Isolation Booth packaging, as first posted to Youtube.com on February 22, 2021.

## **Prayer for Relief**

Defendants and Counterclaimant IMC pray for judgment as follows:

A. A dismissal of the Complaint with prejudice, and denying Plaintiff any relief, including any award of damages, costs, or attorney fees;

B. A declaratory judgment, including that (i) each of Plaintiff's asserted patents is invalid and/or not infringed and (ii) Plaintiff's asserted copyright is not infringed;

C. Costs and attorney fees awarded to Defendants, including in accordance with 15 U.S.C § 1117, 17 U.S.C. § 505 and 35 U.S.C. § 285; and

D. And any such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  June 15, 2021  **SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Defendants

## **PROOF OF SERVICE**

I hereby certify that on June 15, 2021, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants, and via e-mail.

Dated:  June 15, 2021                                /s/ Stephen M. Lobbin