UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAOTICA IP CORP,<br><br>                              Plaintiff,<br><br>v.<br><br>ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE,<br><br>                              Defendants. | Case No.: 21-CV-433-CAB-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Doc. No. 19] |

This matter is before the Court on Plaintiff's motion to dismiss Defendants' counterclaims and to strike several affirmative defenses. The motion is fully briefed and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the motion is granted.

**I.     Background**

According to the complaint, Plaintiff Kaotica IP Corporation ("Kaotica") owns United States Patent Numbers 8,737,662 and D733,690, both of which are entitled "Noise Mitigating Microphone Attachment (the "'662 Patent" and "'690 Patent", respectively). [Doc. No. 1 at ¶¶ 9, 12.] Kaotica also owns a copyright on packaging for the "Kaotica Eyeball" noise mitigating microphone attachment. [*Id.* at ¶ 15.] The complaint alleges that Defendants have infringed both Patents and the copyright and trade dress related to the Kaotica Eyeball.

Defendants filed an answer along with eleven affirmative defenses and counterclaims for declaratory judgment of patent non-infringement, patent invalidity, and

copyright non-infringement . [Doc. No. 14.] Plaintiffs move to dismiss the counterclaims for non-infringement and invalidity of the '662 Patent and to strike affirmative defenses two through seven.

## II. Legal Standards

### A. Motion to Dismiss Counterclaims

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss a plaintiff's complaint." *Leadership Studies, Inc. v. Blanchard Training & Dev., Inc.*, No. 15CV1831-WQH-KSC, 2017 WL 3315652, at *4 (S.D. Cal. Aug. 2, 2017). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and 'should not

be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-CV-00561-WHO, 2017 WL 3485881, at *6 (N.D. Cal. Aug. 15, 2017) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004)). "[C]ourts often require a showing of prejudice by the moving party as a condition to granting such relief." *Nestle USA, Inc. v. Crest Foods, Inc.*, No. LACV1607519JAKAFMX, 2017 WL 3267665, at *22 (C.D. Cal. July 28, 2017) (internal quotation marks and citation omitted). "[T]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).

### III.   Discussion

"[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Here, Defendants' counterclaims for declaratory judgment of non-infringement and invalidity of the '662 Patent contain no factual allegations whatsoever, asserting only legal conclusions. Accordingly, the counterclaims do not contain sufficient factual matter to state plausible claims for relief.

Kaotica also moves to strike Defendants' affirmative defenses of non-infringement of the '662 Patent and '690 Patent (defenses 2 and 3), prosecution history estoppel (defense 4), invalidity (defense 5), laches, equitable estoppel, waiver, acquiescence or unclean hands (defense 6), and lack of causation of damages (defense 7). Unlike with their counterclaims, "Defendants must merely provide [Kaotica] fair notice of the issue involved through their affirmative defenses." *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS (NLS),

2012 WL 12918370, at *7 (S.D. Cal. June 26, 2012) (citing *Wyshak*, 607 F.2d at 827). Nevertheless, the boilerplate affirmative defense allegations here fail to satisfy even this less stringent standard. *See Zissa v. County of Los Angeles,* No. 2:18-cv-101745-CJC (JDEx), 2019 WL 8060086 at *2 (C.D. Cal. Mar. 7, 2019) (finding that "boilerplate recitations are not sufficient to put Plaintiff on fair notice of the basis of each affirmative defense").

### IV.  Conclusion

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. The motion to dismiss Defendants' counterclaims is **GRANTED;**
2. The motion to strike Defendants' affirmative defenses is **GRANTED**;
3. Defendants' counterclaims for non-infringement and invalidity of the '662 Patent are **DISMISSED WITHOUT PREJUDICE**
4. Affirmative defenses two through seven are **STRICKEN** with leave to amend; and
5. Defendants may file an amended answer and counterclaims on or before **September 15, 2021**.

It is **SO ORDERED.**

Dated: August 23, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge