UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAOTICA IP CORP.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ICONIC MARS CORPORATION and OLUSEYI JAMES OLALEYE,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-CV-433-CAB-DEB<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT PURSUANT TO RULE 60**<br><br>[Doc. No. 66] |

On October 28, 2021, the Court entered an Amended Stipulated Judgment and Permanent Injunction in this matter. [Doc. No. 43.] Plaintiff Kaotica had accused Defendants Iconic Mars Corp. and Oluseyi James Olaleye of infringing various Kaotica intellectual property rights including Kaotica's trade dress rights.

Pursuant to the Stipulated Judgment, Kaotica alleged the Defendants products, "specifically its Iconic Mars Comet shown in Exhibit 2" to the Judgment, and subsequently referred to throughout the Judgment as "the Accused Products," violated Kaotica's trade dress. [*Id*. ¶ 4.] Defendants acknowledged and agreed the Accused Product was the only product it had sold and that it violated Kaotica's valid and subsisting trade dress rights causing irreparable harm to Kaotica. [*Id*. ¶¶ 3–7.] Defendants consented to a judgment

1

against them for trade dress infringement and a permanent injunction from further sales after December 31, 2021 of the Accused Products.

Attached to the Stipulated Judgment submitted by the parties and entered by the Court on October 28, 2021, as Exhibit 2 [*Id*. at 17], is a photograph of the Accused Product, the Iconic Mars Comet. Counsel Mr. Stephen Lobbin executed the Stipulated Judgment on October 27, 2021 on behalf of Defendants. [*Id*. at 6.]

Shortly thereafter, on February 9, 2022, Kaotica filed a motion for contempt alleging Defendants were violating the terms of the Stipulated Judgment. [Doc. No. 44-1.] Prominently displayed in Kaotica's motion are references to and pictures of Exhibit 2 from the Stipulated Judgment identifying it as the Accused Product and comparing it to Defendants' asserted new version of the Comet. [*Id.* at 6–10, 16.] In opposition to the motion for contempt, Defendants strenuously advocated that Iconic's new product was fundamentally different from the Accused Product subject of the Stipulated Judgment and injunction. [Doc. No. 45.] At that time Defendants never asserted that Exhibit 2 to the Stipulated Judgment was not a product Kaotica accused of infringement or depicted the product Defendants consented violated Kaotica's rights.

Now, over three years later, Defendants move to "correct" the Stipulated Judgment. Defendants assert that Exhibit 2, the identified Accused Product, is not what Kaotica accused of infringement in 2021, but depicts the redesigned product Defendants launched for sale in 2022. [Doc. No. 66.] It is inexplicable to the Court how if the depiction in Exhibit 2 of the Accused Product in the Stipulated Judgment is the Defendants' later product it could have gone unnoticed by the Defendants and their counsel at the time the Judgment was executed and filed. Moreover, that this alleged error went unnoticed and unaddressed during the contempt proceedings despite the intense focus on the appearance of the Accused Product and Defendants' asserted redesigned product.

Regardless, Defendants seek to bring their motion to alter Exhibit 2 to the Stipulated Judgment pursuant to Fed. R. Civ. P. 60(a). This requested alteration of the entered Judgment is not the result of a clerical error or oversight or omission by the Court. The

Court entered the Judgment as stipulated by the parties. *See, e.g., Gerstein v. C.I.A.,* 2010 WL 669743, at *10 (N.D. Cal. Feb 23, 2010) (contrasting Rule 60(a) to correct an error by the court and Rule 60(b) to correct error made by a party). Rule 60(a) does not apply in these circumstances.

Defendants are limited to seeking relief pursuant to Fed. R. Civ. P. 60(b), which provides for relief from a judgment based on "mistake, inadvertence, surprise or excusable neglect" by "a party." A Rule 60(b) motion fails.

Even if the Court were to excuse the utter lack of diligence by Defendants' counsel regarding the submission of a critical exhibit to a Stipulated Judgment and Injunction—and his dereliction to confront the alleged mistake in subsequent contempt proceedings involving this pivotal exhibit, which the Court considers inexcusable—the motion needed to be brought within a reasonable time, and no more than a year after the entry of judgment, in this case by October 28, 2022. Fed. R. Civ. P. 60(c). Defendants' motion filed May 2, 2025, is over two and a half years too late.

Defendants motion to amend the Stipulated Judgment is DENIED.

It is **SO ORDERED**.

Dated:  May 22, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge